## PALMER VS. RANKINS et al.

1. PLEADING: *Bill to subject wife's separate estate, requisites of.*
   A complaint filed for the purpose of subjecting the wife's separate property to the payment of debts contracted in relation to it, should clearly show her interest, and either make her trustee a party, or show that she had none.

2. WIFE'S SEPARATE ESTATE IN LAND: *Cannot be sold to satisfy a charge.*
   The wife's separate estate in land cannot be sold to satisfy a charge against it, only the rents and profits will be applied to the satisfaction of the charge.

3. PRACTICE: *Amendment. Dismissal, etc.*
   Where, upon a complaint in equity, it appears that there is merit in the plaintiff's case, though defectively stated, it should not be dismissed absolutely, but leave should be granted to amend, or the cause should be dismissed without prejudice.

APPEAL from *Phillips* Circuit Court in Chancery.

Hon. L. H. MANGUM, Special Judge.

*John C. Palmer,* for appellant.

As to liability of the wife, on her separate property. *Dobbins & Wife* v. *Hubbard,* 17 Ark., 189; *Stilwell & Wife* v. *Keatt, ex'rs;* 29 id., 346.

The act of April 1873, was not retrospective and does not apply. Previously she could only bind herself and be sued in equity.

If brought on the wrong side of the court the suit should have been transferred. See Code.

*Tappan & Hornor & J. Cole Davis,* for appellees.

The lien for services, or benefits rendered the wife could not attach to property afterwards acquired by her.

There was in this case adequte remedy at law. Gantt's Digest, sections 4194, 4199, 4197; *Black* v. *Bowman,* 9 Ark., 501. No lien on lands for professional service. *Hanger & Wife* v. *Fowler,* 20 Ark., 667.

HARRISON, J.:

This was a suit in equity in the Phillips Circuit Court by John C. Palmer against Robert P. Rankins, Mary C. Rankins, his wife, and E. Richardson.

The complainant in substance alleged : That a suit in equity having been brought in the Phillips Circuit Court by Leonidas Campbell against the defendants Robert P. Rankins and Mary C. Rankins and others to enforce a vendor's lien on certain lands known as the Rankins' plantation, which the said Robert P. Rankins had conveyed in trust for the said Mary C. Rankins and others, but who, was not stated, and of which she was in possession as her separate property, the said Mary C. Rankins, retained and employed the plaintiff as her solicitor to make defense for her thereto, and to conduct and manage the same, and that he accordingly appeared for and represented her in said suit and conducted and managed her defense until the case was finally determined in this court.

That no agreement was made as to his fee, but that the lands were valuable, worth at least $25,000, and the rents and profits during her possession the preceding seven years, amounted to $20,000, and his services were reasonably worth $2,500, which sum, with the exception of $410 remained unpaid, and was a charge upon the said Mary C. Rankins' separate estate.

That the plaintiff rendered other services for the said Mary C. Rankins, as her solicitor in another suit in equity brought by Peyton A. Key against her and the said Robert P. Rankins, for the settlement of a partnership between the parties in a crop of cotton and corn raised on said plantation, also without any understanding as to his fee, but which was reasonably worth $250 and which likewise was a charge upon her separate estate. And that on the 19th of February, 1870, he sold her for the use of said plantation a mule for $175, for which she executed to him

her note, with her husband, the said Robert P. Rankins, as security, payable on the 1st day of November, 1870, which also was a charge on her separate estate.

It is alleged that the suit of Campbell being determined against her, and the lien established on the lands and sale thereof for its satisfaction decreed, after the creation of the said several charges on her separate estate, a compromise was effected between the said Mary C. Rankins and the defendant E. Richardson, who had become the assignee of Campbell and subrogated to his rights nnder the decree, and an instrument of writing of some kind was executed between them by which she became the equitable owner as her separate estate, of an undivided half of the lands; the said Richardson owning the other half.

The prayer of the complaint was that her interest in the lands should be sold to satisfy the plaintiff's demands. .

Richardson entered his appearance, but made no defense.

The other defendants filed a joint and several answer, and also a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

The court, upon the consideratton of the demurrer, sustained the same, and dismissed the complaint. The plaintiff appealed. .

No question is made as to the power of a married woman to charge her husband's estate with debts contracted in relation thereto, but it is contended for Mrs. Rankins that the estate she had in the lands when the debts were contracted, was divested by the decree in the Campbell suit, and she acquired another by the subsequent compromise and agreement with Richardson.

This, however, was not the case. Campbell asserted no title to the lands, and only sought to enforce his lien as vendor, and there was no adjudication as to Mrs. Rankins' title.

The complaint is too vague and indefinite for us to understand the real interest she had under the conveyance from her husband,

as it appears to have been made in trust for others as well as herself, but who, or what interest they had, is not shown. But, whatever it was, was unaffected by the decree, except as to the establishment of the lien on the lands, and is the same in the undivided half secured to her by the compromise and disencumbered by the vendor's lien, it was before the compromise was made.

The complaint was defective also, because the trustee of Mrs. Rankins was not made a party, or it did not show she had none.

Her equitable interest in the lands could not be sold. "Courts do n jt," says Mr. Perry, " use any direct process against the separate estate of the wife, and the manner of reaching her separate property is by decree to bind the trustees to apply the personal estate in their hands, and the rents and profits of the real estate, according to the justice of the engagement to be carried into effect." 2 Perry on Trusts, sec. 662.

But though it is, for the reasons stated, apparent that no decree could be rendered on the complaint, yet as it plainly appears that the plaintiff's case is not without merits, and he might be entitled to relief if it was more definitely stated, and all necessary parties were before the court, it should not have been dismissed absolutely, but leave should have been given him, if he desired to do so, to amend his complaint, so as to show with certainty the interest Mrs. Rankins had in the lands at the time of the compromise with Richardson, and make her trustee, if there be one, and, if necessary, others, parties; or, if he did not, to dismiss it without prejudice. Newm. Plead. and Prac., 215, 454; *Jones* v. *Minogue et al.*, 29th Ark., 637.

The decree of the court below is therefore reversed and the cause remanded to it, with instructions to permit the defendant if he shall desire to do so, to amend his complaint so as to show the interest Mrs. Rankins had in the lands under the conveyance

from her husband, and at the time of the compromise with Richardson, and to make her trustee, if there be one, and, if necessary, other persons parties; but should he not choose to do so, to dismiss his complaint without prejudice. .